IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LINDA M. DICKSON,

      Plaintiff,

  v.                                    Civil Action 2:17-cv-177
                                        Chief Judge Edmund A. Sargus, Jr.
                                        Magistrate Judge Jolson

THE TJX COMPANIES, INC., et al.,

      Defendants.

**REPORT AND RECOMMENDATION**

    For the reasons that follow, the Court addresses the issue of subject-matter jurisdiction *sua sponte* and **RECOMMENDS** that this case be **REMANDED TO STATE COURT** for lack of subject-matter jurisdiction.

**I.    BACKGROUND**

    The procedural posture of this case is somewhat unusual. On July 15, 2016, Plaintiff Linda Dickson filed a Complaint in Fairfield County Court of Common Pleas, alleging claims for discrimination and retaliation in violation of the Ohio Civil Rights Act, OHIO REV. CODE § 4112.01, *et seq.*; for infliction of emotional distress under Ohio common law; for defamation, slander and libel under Ohio common law; and for declaratory relief pursuant to OHIO REV. CODE § 2721. (Doc. 1-2). On September 28, 2016, Plaintiff filed an Amended Complaint alleging the same, or similar, state-law claims for discrimination and retaliation. (*Id.*; *see also* Doc. 6).

    According to a scheduling order entered by the state court, all pleadings were set to be amended by February 1, 2017. (Doc.1-2, PAGIED #: 80). This deadline was later extended by ten days. (*Id.*, PAGEID #: 83). Then, on February 3, 2017, Plaintiff filed her Motion for Leave to File a Second Amended Complaint, with the proposed Second Amended Complaint attached as Exhibit A.

1

(Doc. 1-1). The Second Amended Complaint, *inter alia*, removed Amber Glenaman and Elizabeth Kness as Defendants, and alleged violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* (*Id.* at 1–2).

Defendants, rather than waiting for the state court to rule on the Motion for Leave to Amend, removed this case to the United States District Court for the Southern District of Ohio on March 1, 2017. (Doc. 1). Relying on the proposed Second Amended Complaint, removal was premised upon federal question jurisdiction under 28 U.S.C. §1331 as a result of Plaintiff's claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1963. (Doc. 1 at 3).

## II. DISCUSSION

"[A] defendant may remove a state court case to federal court only if it could have been brought there in the first place; that is, if the federal court would have original jurisdiction over the case." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 259 (6th Cir. 1996) (citing 28 U.S.C. § 1441(a)). The removing party has the burden of establishing that original federal jurisdiction exists. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). "While personal jurisdiction may be waived in some circumstances, subject-matter jurisdiction cannot be conferred upon the court by the parties, can never be waived, and can be raised at any stage of the proceedings. Furthermore, the court may raise the issue of subject-matter jurisdiction *sua sponte*." *B & B Enters. of Wilson Cty., LLC v. City of Lebanon*, 422 F. Supp. 2d 903, 904–05 (M.D. Tenn. 2006) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

In this case, Defendants assert federal subject-matter jurisdiction based upon federal question jurisdiction (*see* Doc. 9 at 3), which requires that a complaint state a claim for relief "arising under the Constitution, laws, or treatise of the United States." 28 U.S.C. 1331; *see also B&B Enters. of Wilson County, LLC*, 422 F. Supp. 2d at 905. Yet, neither the original

2

Complaint, nor the Amended Complaint, stated a federal claim.  Accordingly, Defendants' only basis for removal in this case was based upon Plaintiff's Second Amended Complaint, which sought to add additional federal discrimination claims.  As mentioned above, however, although Plaintiff had filed for leave to amend, the state court had not yet ruled.  Thus, the question for this Court is whether a pending motion to amend may provide the jurisdictional hook for removal.

> The federal removal statute, in relevant part, states:
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Thus, "this action was properly removed to federal court *only* if plaintiff's motion to amend constituted 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Douklias v. Teacher's Ins. and Annuity Ass'n*, 35 F.Supp. 2d 612, 615 (W.D. Tenn. 1999) (emphasis in original).  Other courts have interpreted this statute and "[m]ost . . . agree that the thirty-day time frame for filing a notice of removal begins to run either upon the granting of the motion to amend or the actual filing of the amended complaint." *B&B Enters. of Wilson County, LLC*, 422 F. Supp. 2d at 905 (citing *Douklias*, 35 F.Supp. 2d at 615) (collecting cases adopting this view).  Accordingly, under this majority view, "the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make an otherwise removable case removable." *Id.*  This interpretation is consistent with the idea that "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

> One court succinctly explained the jurisdictional effect in a case such as this:

> [A]t the time Defendants' notice of removal was filed, Plaintiffs' state court lawsuit did not yet contain a federal question. While it was clear from the motion to amend and the proposed amended complaint that the case might at some point *become* removable, there also remained a strong possibility that the motion might be denied. Because the motion had not yet been granted, the case was not yet removable and Defendants' notice of removal was premature. *See Douklias*, 35 F.Supp.2d at 615 (finding removal was premature under similar circumstances). Subject-matter jurisdiction therefore does not exist in this case, as a result of which this Court lacks even the discretion to grant (or deny) the still pending motion to amend. *See Hicks v. Universal Housing, Inc.*, 792 F.Supp. 482, 484 (S.D.W.Va.1992) ("If the court lacks jurisdiction over an improvidently removed case, how can it legitimately assume jurisdiction to consider an amendment which would create the very jurisdiction the court lacks? Any rule so allowing would render the concept of jurisdiction a mutable chameleon which the court could transform at will to fit circumstances."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

*B&B Enters. of Wilson County, LLC*, 422 F. Supp. 2d at 905–06.

This Court agrees with the majority approach and concludes that at the time of removal, the operative complaint was the Amended Complaint, not the Second Amended Complaint. Because the Amended Complaint provides no basis for federal jurisdiction, remand is required. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69, 117 S. Ct. 467, 473, 136 L. Ed. 2d 437 (1996) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Finally, it should be noted that this Court's lack of subject-matter jurisdiction was not remedied by the state court's grant of leave for Plaintiff to amend her complaint on March 10, 2017. (*See* Doc. 14). "After the removal of an action from state court, the federal district court acquires full and exclusive subject-matter jurisdiction over the litigation. The case will proceed as if it originally had been brought in federal court." *Preferred Rehab., Inc. v. Allstate Ins. Co.*, No. 09-CV-11409, 2010 WL 3488673, at *6 (E.D. Mich. Sept. 1, 2010) (citation omitted). Because full and exclusive subject-matter jurisdiction was acquired by this Court upon removal on March 1, 2017, Plaintiff's pending Motion for Leave to File a Second Amended Complaint

4

(Doc. 9) was properly before this Court for a ruling, not the state court. Thus, the Second Amended Complaint is not the operative complaint at this time.

### III. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that this case be **REMANDED TO STATE COURT** for lack of subject-matter jurisdiction. In addition, the Preliminary Pretrial Conference Scheduled for March 22, 2017 (Doc. 10) is **VACATED**.

#### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: March 21, 2017                               /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE