UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LINDA M. DICKSON,

        Plaintiff,

v.

        Case No. 2:17-cv-177
        CHIEF JUDGE EDMUND A. SARGUS, JR.
        Magistrate Judge Kimberly A. Jolson

THE TJX COMPANIES, INC., et al.,

        Defendants.

## OPINION AND ORDER

On March 21, 2017, the United States Magistrate Judge issued a Report and Recommendation [ECF No. 19] recommending that the Court remand this case to state court for lack of subject-matter jurisdiction. Defendants The TJX Companies, Inc. and Dawn Jones have since objected to this recommendation and requested an expedited ruling on their Objections. For the reasons outlined below, Defendants' Unopposed Motion for an Expedited Ruling [ECF No. 23] is **GRANTED**, and Defendants' Objections [ECF No. 22] are **SUSTAINED**.

Also before the Court is Plaintiff Linda Dickson's Motion for Leave to File a Second Amended Complaint [ECF No. 9], which, as explained below, is **GRANTED**.

I.

Plaintiff sued Defendants on July 15, 2016, in the Fairfield County Court of Common Pleas. (Notice of Removal. at 1 [ECF No. 1].) Plaintiff filed an Amended Complaint on September 28, 2016. (*Id.*) Plaintiff did not assert any federal claims in these filings. (*See id.*) On February 3, 2017, Plaintiff moved for leave to file a Second Amended Complaint. (*Id.* at 2.) The proposed Second Amended Complaint includes claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (2nd Am. Compl. at 6–7

[ECF No. 1-1].) On March 1, 2017—before the state court ruled on Plaintiff's motion for leave—Defendants filed a notice of removal to this Court. (Notice of Removal at 4.)

Defendants filed their notice of removal before the state court had ruled on Plaintiff's Motion for Leave because of their uncertainty on how this Court would calculate the 30-day removal period under 28 U.S.C. § 1446(b). (Objs. at 2 [ECF No. 22].) Section 1446(b) states that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Courts have split in their interpretation of this section. Most courts have held "that the thirty-day time frame for filing a notice of removal begins to run either upon the granting of the motion to amend or the actual filing of the amended complaint." *B & B Enters. of Wilson Cnty., LLC v. City of Lebanon*, 422 F. Supp. 2d 903, 905 (M.D. Tenn. 2006). Under this majority view, "the mere filing of the motion to amend when there is no ability to amend as a matter of right does not make an otherwise unremovable case removable." *Id.* Other courts have held that the 30-day removal period commences when the defendant first receives the motion to amend. *See, e.g., Webster v. Sunnyside Corp.*, 836 F. Supp. 629, 630 (S.D. Iowa 1993). Because this Court had not yet clarified how it would determine the start of the removal period, Defendants erred on the side of caution and removed the case within 30 days of receiving Plaintiff's proposed Second Amended Complaint. (*See* Objs. at 2.)

In her Report and Recommendation, the Magistrate Judge applied the majority approach and concluded that the removal period had not started given that the state court had not yet granted Plaintiff's Motion for Leave to file a Second Amended Complaint. (*See* Report & Rec. at 4 [ECF No. 19].) The Magistrate Judge explained that at the time of removal, the operative

2

complaint was the Amended Complaint, not the Second Amended Complaint. (*Id.*) And because the Amended Complaint provides no basis for federal jurisdiction, the Court should remand the case. (*Id.*)

The procedural background contains one last wrinkle. After Defendants filed their notice of removal, the state court, on March 10, 2017, filed an entry purporting to grant Plaintiff's Motion for Leave to file her Second Amended Complaint. (State Court Entry at 1 [ECF No. 14].) The Magistrate Judge concluded that the state court's action did not remedy this Court's lack of subject-matter jurisdiction. (Report & Rec. at 4–5.) As she explained, "[b]ecause full and exclusive subject-matter jurisdiction was acquired by this Court upon removal on March 1, 2017, Plaintiff's pending Motion for Leave to file a Second Amended Complaint . . . was properly before this Court for a ruling, not the state court." (*Id.*)

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1)(C) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3); *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

Defendants do not challenge the Magistrate Judge's determination that their receipt of the proposed Second Amended Complaint did not, without more, start the removal period. (Objs. at 3 [ECF No. 22].) Rather, Defendants argue that the Court should reject the Magistrate Judge's recommendation because two circumstances purportedly vest the Court with subject-matter

3

jurisdiction over Plaintiff's claims. First, Defendants contend that the state court's order granting Plaintiff's Motion for Leave to file her Second Amended Complaint has remedied any jurisdictional defect that existed when the notice of removal was filed. (*See id.* at 3–4.) And second, Defendants assert that considerations of finality, efficiency, and judicial economy weigh against remand where, as here, there was supposedly no question that the Motion for Leave would eventually be granted. (*See id.* at 3–5.)

"'The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal.'" *Saunders v. Huron Cnty. Comm'rs*, No. 3:11 CV 2481, 2013 WL 1196438, at *1 (S.D. Ohio Mar. 22, 2013) (quoting *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2011)). Assuming that the operative complaint at the time of removal was the Amended Complaint, rather than the proposed Second Amended Complaint, the Court agrees with the Magistrate Judge that subject-matter jurisdiction over the case would be lacking.

However, to facilitate the efficient resolution of this case, and in light of the fact that Plaintiff has not requested remand, the Court will, for purposes of this case only, look to the proposed Second Amended Complaint to determine the existence of subject-matter jurisdiction at the time of removal. And under that document, which pleads violations of federal law, the Court had subject-matter jurisdiction over the case at the time of removal. (*See* 2nd Am. Compl. at 6–7 [ECF No. 1-1].) Remand is, therefore, unnecessary.

### III.

Remaining before the Court is Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 9]. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 436 (1974) ("After removal, the federal court 'takes the case up where the State court left it off.'" (quoting *Duncan v. Gegan*, 101 U.S.

4

810, 812 (1880))). The state court attempted to grant the Motion after Defendants had filed their notice of removal. (State Court Entry at 1 [ECF No. 14].) The Court concludes, however, that this action by the state court is void. *See* 28 U.S.C. § 1446(d) (indicating that after the filing of the notice of removal, "the State court shall proceed no further unless and until the case is remanded"); *see also Harris v. TD Ameritrade, Inc.*, No. 4:14-cv-017, 2014 WL 5438530, at *3 (E.D. Tenn. Oct. 22, 2014) ("[O]nce Defendant completed the removal procedures . . ., the General Sessions Court no longer had jurisdiction and any further action by that court is void.").

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading should be freely given when justice so requires. The Court considers various factors when determining whether to grant a motion to amend. "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). Defendants have not objected to Plaintiff's Motion for Leave. Nor are any circumstances that might weigh against granting the Motion present in this case. Accordingly, Plaintiff may file her Second Amended Complaint.

## IV.

For these reasons, Defendants' Unopposed Motion for an Expedited Ruling [ECF No. 23] is **GRANTED**, and Defendants' Objections [ECF No. 22] are **SUSTAINED**. Additionally, Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 9] is **GRANTED**.

**IT IS SO ORDERED.**

\_\_4-6-2017_____  _____
**DATE**                               EDMUND A. SARGUS, JR.
                                       CHIEF UNITED STATES DISTRICT JUDGE